IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2004 Session

## STATE OF TENNESSEE v. JASON ALLEN NEEDEL

**Direct Appeal from the Criminal Court for Sumner County**
**No. 937-2003     Jane Wheatcraft, Judge**

_____

**No. M2004-01412-CCA-R3-CD - Filed March 9, 2005**

_____

The appellant, Jason Allen Needel, pled guilty in the Sumner County Criminal Court to aggravated burglary, theft over $1000, and theft under $500. He received a total effective sentence of fourteen years incarceration in the Tennessee Department of Correction. On appeal, the appellant challenges the imposition of consecutive sentencing. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Russell E. Edwards, Hendersonville, Tennessee, for the appellant, Jason Allen Needel.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Ronald Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In December 2003, the Sumner County Grand Jury indicted the appellant on two counts of aggravated burglary, two counts of theft property valued over $1000, one count of theft of property valued under $500, and one count of illegal possession of a bank debit card. Subsequently, on March 23, 2004, the appellant pled guilty as a Range II multiple offender to one count of aggravated burglary, a Class C felony; one count of theft property valued over $1000, a Class D felony; and one count of theft of property valued under $500, a Class A misdemeanor.

Although the appellant failed to include a transcript of the guilty plea hearing in the record for our review, we have gleaned the facts underlying the convictions from the remainder of the

record. Between August 29, 2003, and September 3, 2003, the appellant's parents were out of town. While they were away, the appellant, using a key to the residence, entered his parents' home and took jewelry, two handguns, old coins, his father's credit card, and his father's debit card. Subsequently, on October 14, 2003, the appellant forcibly entered his parents' home while they were away and took some items of his clothing and another handgun. The appellant sold or pawned most of the items taken. Most of these items were found and returned to the appellant's parents. However, two of the guns remained missing.

In the plea agreement, the State recommended that the appellant receive a sentence of six to ten years for his aggravated burglary conviction, four to eight years for his felony theft conviction, and eleven months and twenty-nine days for his misdemeanor theft conviction. The plea agreement further provided that the remainder of the sentencing determinations would be left to the discretion of the trial court.

Thereafter, a sentencing hearing was conducted. The proof at the sentencing hearing revealed that on April 4, 1999, the appellant was convicted in North Carolina on charges of discharging a weapon and theft of a firearm. The appellant was paroled when he had nine months left on his sentence. He moved back to Tennessee and shortly thereafter began using drugs and alcohol. The appellant then burglarized his parents' home on two separate occasions, both times stealing handguns. The appellant sold or pawned the guns for cash. At the sentencing hearing, the appellant refused to reveal the identity of the individuals who purchased the guns, stating "That is irrelevant to this case. I pawned them for money." When ordered by the trial court to reveal the identity of the persons who purchased the guns, the appellant responded, "Your Honor, I can't answer that question. . . . I pawned the guns so I could get my drugs. That is my whole purpose."

At the conclusion of the sentencing hearing, the trial court sentenced the appellant to eight years for aggravated burglary, six years for felony theft, and eleven months and twenty-nine days for misdemeanor theft.[1] Further, the trial court stated:

> I find that this is a dangerous offender, and it is necessary to put him in the penitentiary because I think that he obviously has a history of violent criminal behavior and he was not out very long at all when he got in further trouble. . .
>
> . . . I know that by law [the appellant's sentences] have to be consecutive to the North Carolina sentence, so that will be the order of the Court.
>
> Now I have to determine whether or not they have to be consecutive to each other. In determining that, I have to find that this is a dangerous offender and that the length of the sentence reasonably

---

[1] The appellant does not dispute the length of the individual sentences imposed.

relates to the severity of the crimes. I do find in this case that since he was on parole for a violent offense, and that he picked up two more felony convictions involving taking of weapons, and not showing here today any inclination to cooperate to get those weapons off the street that this indicates to me that there has not been a change in attitude; that he is a violent offender; and I think that society does need protection from him. So I will impose consecutive sentences to be served in the Tennessee Department of Correction[], and I do find under Wilkerson that the length of this sentence reasonably relates to, as I said earlier, the need to protect society from someone that this Court regards as a dangerous offender.

The trial court ordered that the appellant's sentence for misdemeanor theft be served concurrently with his sentence for felony theft. Additionally, the trial court ordered that the appellant's sentence for felony theft run consecutively to his sentence for aggravated burglary, for a total effective sentence of fourteen years incarceration. On appeal, the appellant challenges the trial court's imposition of consecutive sentencing regarding his instant offenses; however, the appellant does not challenge the trial court's order that the instant sentences run consecutively to his outstanding sentence in North Carolina.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (2003). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentences. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

Initially, we note that "[w]hether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." State v. Adams, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997). Tennessee Code Annotated section 40-35-115(b) (2003) contains the discretionary criteria for imposing consecutive sentencing. Upon finding any one of the criteria, a trial court may impose consecutive sentences. Id. Moreover, if the trial court determines that consecutive sentencing is appropriate because the appellant is a dangerous offender, the court must also find that the sentence reasonably relates to the severity of the appellant's offenses and that confinement is necessary to protect society from further criminal conduct by the appellant. These

factors are derived from <u>State v. Wilkerson</u>, 905 S.W.2d 933, 938 (Tenn. 1995). <u>See</u> <u>State v. Lane</u>, 3 S.W.3d 456, 460-61 (Tenn. 1999).

In the instant case, the trial court imposed consecutive sentencing after finding that the appellant " is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high" Tenn. Code Ann. § 40-35-115(b)(4). As we have noted, the appellant burglarized his parents' home on two occasions when no one was home. There is no proof that the appellant threatened or caused harm. Therefore, we conclude that the trial court erred in finding the appellant to be a dangerous offender. <u>See</u> <u>State v. Travis Parson</u>, No. W2002-02743-CCA-R3-CD, 2004 WL 404487, at *10 (Tenn. Crim. App. at Jackson, Mar. 3, 2004); <u>State v. Eric D. Thomas</u>, No. W1999-00337-CCA-R3-CD, 2001 WL 721054, at *3 (Tenn. Crim. App. at Jackson, June 26, 2001); <u>State v. Michael Wilson</u>, No. 01C01-9602-CC-00073, 1997 WL 438175, at *12 (Tenn. Crim. App. at Nashville, July 31, 1997).

However, in conducting our de novo review, we note that consecutive sentencing is proper based upon the appellant's extensive criminal history. <u>See</u> Tenn. Code Ann. § 40-35-115(b)(2). The twenty-three-year-old appellant began using alcohol at age fifteen and marijuana at age sixteen. The appellant began using cocaine and ecstasy at age eighteen. The appellant was convicted of theft as a juvenile. At age eighteen, the appellant was convicted of two felonies in North Carolina. Moreover, the appellant has an outstanding warrant for violation of his North Carolina parole for absconding to Georgia. We find that this history, particularly in one so young, is extensive. Therefore, the imposition of consecutive sentencing was warranted.

### III.  Conclusion

Based upon the foregoing, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE